UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIMRATBIR SINGH,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, WARDEN OF THE CALIFORNIA CITY CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-00407-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Docs. 1, 8 |

Petitioner Nimratbir Singh is an immigration detainee proceeding with a petition for writ of habeas corpus. Doc. 1. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 28, 2026, the assigned magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted, that respondents be ordered to immediately release petitioner from custody, and that respondents be enjoined and restrained from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Doc. 8. The findings and recommendations were served on the parties and contained notice that any objections to the

findings and recommendations were to be filed within twenty-one days of service. *Id.* at 2–3.

On February 11, 2026, respondents filed objections, objecting "for the same reasons stated in their previous Opposition and Motion to Dismiss." Doc. 9. Respondents also request that, if the Court adopts the findings and recommendations, that the Court include respondents' proposed language providing that, in the event the immigration court issues a final order of removal and the Petitioner receives notice of the order, respondents may detain petitioner for the sole and limited purpose of executing removal pursuant to the final order of removal. Doc. 9 at 2. Petitioner filed a reply, objecting to the inclusion of this language. Doc. 11.

Petitioner's detention is currently governed by 8 U.S.C. § 1226(a) because petitioner is still in active removal proceedings, and as discussed in *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302, at *5 (E.D. Cal. Jan. 12, 2026), his liberty interest is based, in part, on his prior release from detention pursuant to § 1226(a). Doc. 1-1, Singh Decl. at ¶ 5 (noting that petitioner was released "on [his] own recognizance"); *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("[T]he phrase 'release on recognizance' [is] another name for 'conditional parole' under § 1226(a)."). The statutory authority to detain noncitizens shifts to 8 U.S.C. § 1231 when the 90-day "removal period" begins. 8 U.S.C. § 1231(a)(2)(A). The "removal period" begins on the latest of the following dates: (1) when "[t]he date the order of removal becomes administratively final"; (2) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; or (3) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B). Detention is mandatory during the removal period. *See* 8 U.S.C. § 1231(a)(2)(A).

"[T]o obtain a protectible" liberty interest under the Due Process Clause, "a person clearly must . . . have a legitimate claim of entitlement to it." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). While petitioner may have a protectible liberty interest based on his release pursuant to § 1226(a) while his removal proceedings are pending, the circumstances under which respondents may detain petitioner in the event the detention authority shifts to 8 U.S.C. § 1231(a)(2)(A) is a different question. That question is not ripe because

petitioner has not been ordered removed. *Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1153 (9th Cir. 2017) (explaining that an issue is not ripe unless an "invasion of a legally protected interest" is "actual or imminent, not conjectural or hypothetical"). This order therefore notes that it does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on January 28, 2026, Doc. 8, are ADOPTED IN FULL;

2. The petition for writ of habeas corpus is GRANTED;

3. Respondents are ORDERED to release petitioner immediately;

4. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified;[1] and

5. The Clerk of Court is directed to enter judgment for petitioner and close the case.

IT IS SO ORDERED.

Dated:   February 20, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

3